**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEITH DIJUAN DAWSON, : | Civil Action No. 09-6050 (RMB) |
|  : Plaintiff,  : | |
|  : | **OPINION** |
|  v.  : | |
| JOSE FRIAS, et al.,  : | |
|  : Defendants.  : | |

**Renée Marie Bumb**, United States District Judge:

This matter comes before the Court upon Plaintiff's submission of a civil complaint ("Complaint"), Plaintiff's application to proceed in this matter in forma pauperis and his application to appoint him pro bono counsel, as well as upon submission of the document titled "Motion to Supplement." See Docket Entries Nos. 1, 3 and 4. Plaintiff's application to proceed in this matter in forma pauperis qualifies Plaintiff for in forma pauperis status. Therefore, Plaintiff's application to that effect will be granted, and the Clerk will be directed to file the complaint. Plaintiff's Complaint, however, will be dismissed; that dismissal will be with prejudice as to Plaintiff's civil rights challenges and based on Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff's habeas claims will be dismissed without prejudice for lack of jurisdiction. Plaintiff's application for appointment of pro bono counsel will be denied as moot.

I.     **BACKGROUND**

   While Plaintiff's Complaint and the document titled "Motion to Supplement" are rather lengthy, the gist of Plaintiff's claims is not complex. It appears that, on the date unspecified in the Complaint, Plaintiff, a federal inmate serving his sentence at the F.C.I. Fort Dix, has been assigned by the Bureau of Prisons ("BOP") to perform employment duties at UNICOR,[1] and -- seemingly -- was pleased with the wages he was making performing that assignment. On February 26, 2009, Plaintiff learned that his assignment to the UNICOR duties was terminated, and that he was transferred to another assignment (which, seemingly, did not yield the wages Plaintiff preferred). Plaintiff asserts that, later on, he discovered that his reassignment from UNICOR to another position was made on the basis of a request executed in Plaintiff's name but -- according to Plaintiff -- not executed by Plaintiff in actuality.[2]

---

   [1] "Federal Prison Industries (commonly referred to as FPI or by its trade name UNICOR) is a wholly-owned, Government corporation established by Congress on June 23, 1934. Its mission is to employ and provide job skills training to the greatest practicable number of inmates confined within the Federal Bureau of Prisons; contribute to the safety and security of our Nation's Federal correctional facilities by keeping inmates constructively occupied; produce market-priced quality goods and services for sale to the Federal Government; operate in a self-sustaining manner; and minimize FPI's impact on private business and labor." <<http://www.bop.gov/inmate_programs/unicor.jsp>>.

   [2] Plaintiff also states that, "due to retaliatory job firing, Plaintiff has been unable to pay Financial Responsibility

After Plaintiff's attempts to restore his employment at UNICOR through administrative means failed, Plaintiff filed the instant Complaint asserting that his constitutional rights were violated as a result of his loss of the UNICOR position, and that he is entitled to restoration of his UNICOR employ, as well as to "back-pay, overtime-pay and holiday pay dating back to 2-26-2009."[3]  Docket Entry No. 1, at 8.  Plaintiff also seeks demotion of Defendants, punitive damages in the amount of $46,065.85 and costs associated with this matter.  See id.  In addition, Plaintiff asserts that he should be entitled to transfer to

---

Program, limiting his opportunities and benefits."  Docket Entry No. 1, at 7.  However, Plaintiff's lengthy Complaint and the document titled "Motion to Supplement" are entirely silent as to what Plaintiff was retaliated for, hence indicating that Plaintiff's termination from his UNICOR employ was not performed as a retaliation for any protected activity by Plaintiff.  In fact, Plaintiff's Complaint does not discuss *any events* that preceded Plaintiff's loss of his UNICOR employ. See generally, Docket Entry No. 1.  Therefore, it appears that Plaintiff's use of the term "retaliatory" is merely a means to underscore Plaintiff's position that his reassignment from UNICOR to another duties had a negative impact on Plaintiff's finances, and that development caused Plaintiff an understandable disappointment.  Moreover, no statement made in the Complaint or in the document titled "Motion to Supplement" suggests that Plaintiff challenges the overall validity of the Financial Responsibility Program.  In addition, even had such challenges been stated, they would be subject to dismissal.  The Financial Responsibility Program is codified at Title 28 of the Code of Federal Regulations, Sections 545.10 and 545.11, and it has been held "unquestionably constitutional." See Duronio v. Gonzales, 2008 U.S. Dist. LEXIS 26707 (W.D. Pa. Mar. 20, 2008) (citing, inter alia, James v. Quinlan, 866 F.2d 627 (3d Cir. 1989))(other citations omitted).

[3]  Certain statements in Plaintiff's Complaint also vaguely suggest Plaintiff's opinion that he is constitutionally entitled to a promotion at UNICOR.

another correctional facility;[4] it seems that Plaintiff justifies these requests by speculation that he might be retaliated, in the future, by his prison officials for filing of the case at bar. See id.

The document titled "Motion to Supplement" does not add any substantive claims; rather, it consists of various exhibits related to Plaintiff's attempts to restore his UNICOR employ through administrative means. See Docket Entry No. 4.

## II. DISCUSSION

### A.  Civil Rights Challenges

The gist of Plaintiff's claim is that he lost his UNICOR employ, to which he believes he was/is constitutionally entitled. Plaintiff errs.  In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  However, since it is long established that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner," Sandin v. Conner, 515 U.S. 472, 478 (1995), Plaintiff's

---

[4] Plaintiff provides the list of his correctional facilities of choice, see Docket Entry No. 1, at 8, requiring that these facilities would provide him with an opportunity for UNICOR employ.  This request appears to be grounded in Plaintiff's impression that he is constitutionally entitled to UNICOR employ.  For the reasons not entirely clear to the Court, Plaintiff also demands being housed in a two-person cell.  See id.

employment-related allegations do not state a claim: prisoners have no protected liberty or property interest in retaining any particular prison employment (moreover, in any employment promotion).[5]  See Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (federal inmate has no liberty or property interest in a Federal Prison Industries job assignment); James v. Quinlan, 866 F.2d 627 (3d Cir. 1989) (same); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982).

While Plaintiff's passionate submission clearly indicates Plaintiff's disappointment over loss of a well-paid job, Plaintiff's disappointment provides the Court with no legal basis for remedy.  Therefore, Plaintiff's claims based on his loss of UNICOR employ will be dismissed for failure to state a claim; such dismissal will be with prejudice.[6]

Plaintiff's claims based on a speculative future retaliation fair no better.  Not only does Plaintiff have no constitutional right to choose the place of his confinement (it is well established that a prisoner possesses no liberty interest arising

---

[5] Plaintiff's allegations do not suggest that any other constitutional clause of the Fourteenth Amendment could be implicated in this matter, e.g., Plaintiff does not assert that he was discriminated as a member of a protected class.  See generally, Docket Entry No. 1.

[6] Although Plaintiff asserts that his loss of UNICOR employ was a result of a "forged" request to terminate his UNICOR employ, this assertion -- even if presumed true -- adds a distinction without difference: since Plaintiff had no due process interest in maintaining his UNICOR employ, it matters none whether Plaintiff lost that employ for the reason of a "forged" request or for no reason at all.

from the Due Process Clause in a particular place of confinement, see, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976)), but -- even if the Court were to construe Plaintiff's request for transfer as a "failure-to-protect" claim -- such claim would have to be dismissed being unambiguously based on Plaintiff's speculation as to what might or might not happen in the future.  See Rouse v. Pauliilo, 2006 U.S. Dist. LEXIS 17225 (D.N.J. Apr. 5, 2006) (dismissing speculative failure-to-protect claim and citing Kirby v. Siegelman, 195 F.3d 1285 (11th Cir. 1999)); Pilkey v. Lappin, 2006 U.S. Dist. LEXIS 44418, at *45 (D.N.J. June 26, 2006) ("Plaintiff's [anxiety paraphrased as his claim of] potentially diminished safety fail[s] to state a claim upon which relief may be granted"); Patterson v. Lilley, 2003 U.S. Dist. LEXIS 11097 (S.D.N.Y. June 20, 2003) (defendants could only be held deliberately indifferent to an existing condition, not a speculative future injury).  Therefore, Plaintiff's claims asserting retaliation will be dismissed, as facially unripe.

**B.   Habeas Challenges**

The ambiguous paragraph closing Plaintiff's Complaint seems to state a habeas claim.  See Docket Entry No. 1, at 8. Specifically, that paragraph reads:

> Plaintiff request[s] 8 days for each month illegally removed from UNICOR employment, as would be computed in accordance to H.R. 1475, if the Federal Prison Work Incentive Act of 2009 were to pass.  This will cover any and all extra good time lost.

Id.

Although the exact reasoning of Plaintiff's statement (or even the rationale of Plaintiff's reliance on the non-enacted proposed bill)[7] is not clear to the Court, it is apparent that Plaintiff wishes to seek restoration of his actual lost (or speculatively/potentially lost) good-conduct-time credits.  For the following reasons, this claim will be dismissed, without prejudice, for lack of jurisdiction.

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its *duration* are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."[8]  Id. (Emphasis supplied).  Since

---

[7] The last development on that proposed bill took place on April 27, 2009, when the bill was referred to the Subcommittee on Crime, Terrorism, and Homeland Security.

[8] In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release.  See id. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition.  See id. at 500.

Plaintiff's challenges to loss of his good-conduct-time credits affect the duration of his confinement, these challenges can be raised only in a habeas petition.[9]

### III. LEAVE TO AMEND

Although the Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). In this case, nothing alleged by Plaintiff insinuates that he could cure the deficiencies in the Complaint by amending it. Accordingly, this Court will dismiss Plaintiff's civil rights challenges without granting leave to file an amended complaint.[10]

---

[9] Such petition shall be duly exhausted administratively. Moreover, the Court warns Plaintiff against raising speculative habeas claims, i.e., claims based on nothing but Plaintiff's anxiety that he might lose these credits in the future or based on the non-enacted, proposed bills.

[10] Such dismissal has no effect on Plaintiff's habeas claims, and Plaintiff may raise these claims in a timely filed and duly exhausted habeas petition. However, no statement made in this Opinion shall be construed as the Court's position that Petitioner's habeas claims have (or lack) merit.

In light of the foregoing, Plaintiff's application to appoint him pro bono counsel will be dismissed as moot.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed in this matter in forma pauperis will be granted. Plaintiff's Complaint will be dismissed with prejudice as to his civil rights claims and without prejudice to Plaintiff's filing an appropriate habeas petition. Plaintiff's application for appointment of pro bono counsel will be denied as moot.

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
**Renée Marie Bumb
United States District Judge**

Dated: March 30, 2010